IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

JOSEPH BENNEFIELD and KONNIE
BENNEFIELD, husband and wife,

    Plaintiffs,

v.                                   CIVIL ACTION NO.  2:15-cv-81  (Bailey)

                                                Electronically filed:  Ocotober 30, 2015

MILLERCOORS, LLC,

    Defendants.

## CIVIL COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiffs, JOSEPH BENNEFIELD and KONNIE BENNEFIELD, husband and wife, and states as follows for their Complaint in this matter:

### THE PARTIES

1. At all times relevant hereto, Plaintiffs Joseph Bennefield and Konnie Bennefield are citizens of the United States of America and residents of the State of Oklahoma with a residential address of 4741 Ridgeway Drive Apartment 110, Del City, Oklahoma 73115.

2. At all times relevant hereto, Plaintiff Joseph Bennefield was an employee driver of Navajo Express, Inc., a nationwide trucking company.

3. Upon information and belief, at all times relevant hereto, Defendant MILLERCOORS, LLC was a limited liability company formed under the laws of the State of Delaware with a principal office street address of 250 S. Wacker Drive, #800, Attn: Legal Department, Chicago, Illinois 60606.

4. Upon information and belief, at all times relevant hereto, Defendant MILLERCOORS, LLC owned and/or operated the Shenandoah Brewery, which is located at 5135 S. Eastside Highway, Elkton, Virginia 22827.

5. Defendant MILLERCOORS, LLC's is a registered business organization in the State of West Virginia.

6. Defendant MILLERCOORS, LLC's registered agent in the State of West Virginia is: CT Corporation System, 5400 D Big Tyler Road, Charleston, WV, 25313.

7. This cause of action stems from a rollover accident, caused by the negligent conduct of Defendant MILLERCOORS, LLC's employees and/or agents at the Shenandoah Brewery, wherein Plaintiff suffered injuries, harms, and losses.

8. This cause of action is brought to recover from Defendant MILLERCOORS, LLC both liquidated and unliquidated damages for Plaintiffs past and future medical expenses, loss of earnings, impairment of earning capacity, pain and suffering, inconvenience, emotional distress, impairment of quality of life, physical impairment, physical disfigurement, and the costs and attorneys' fees associated with the bringing of this action, plus pre and post judgment interest as well as any additional relief that is just and proper for Plaintiffs.

## JURISDICTION AND VENUE

9. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 8 of this Complaint as if set forth herein *verbatim*.

10. This is a diversity jurisdiction case brought pursuant to 28 U.S.C. § 1332.

11. Plaintiffs are citizens of the State of Oklahoma.

12. Defendant MILLERCOORS, LLC is a citizen of the State of Illinois.

13. Plaintiffs' injuries, damages, and losses exceed $75,000.

14. Defendant MILLERCOORS, LLC is a registered business organization in the State of West Virginia.

15. Defendant MILLERCOORS, LLC has purposefully established minimum contacts with the State of West Virginia.

16. Defendant MILLERCOORS, LLC is a brewery and nationwide supplier of MILLERCOORS' products.

17. Plaintiff's claim against Defendant MILLERCOORS, LLC directly relates to MILLERCOORS' business as a brewery and nationwide supplier of MILLERCOORS' beer.

18. The State of West Virginia has personal jurisdiction over Defendant MILLERCOORS, LLC.

19. Plaintiffs' injuries, damages, and losses occurred in Pendleton County, West Virginia.

20. Venue is proper in the United States District Court in the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiffs' claim, namely the site of the rollover, occurred in Pendleton County, West Virginia.

## CHOICE OF LAW

21. Plaintiffs incorporate herein by this reference the allegations contained in Paragraph 1 through 20 of this Complaint as set forth herein *verbatim*.

22. Plaintiffs incurred injuries in the State of West Virginia.

23. Under the *lex loci delicti* choice-of-law rule, West Virginia law applies.

## GENERAL ALLEGATIONS

24. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 23 of this Complaint as if set forth herein *verbatim*.

25. On or about May 6, 2014, Plaintiff Joseph Bennefield was an employee driver of Navajo Express, Inc., a nationwide trucking company specializing in long-haul trucking.

26. Navajo Express, Inc. contracted with MillerCoors to haul a trailer load of beer from the Shenandoah Brewery in Elkton, Virginia to Glenwillow, Ohio.

27. Upon information and belief, agents of MillerCoors at the Shenandoah Brewery loaded the beer into the trailer on May 2, 2014 for Plaintiff to pick up four days later.

28. Upon information and belief, the individuals at the Shenandoah Brewery who loaded the beer into the trailer on May 2, 2014 for Plaintiff to pick up four days later were employees and/or agents of MillerCoors.

29. Upon information and belief, the employees and/or agents of MillerCoors who loaded the beer into the trailer on May 2, 2014 were acting in the course and scope of their employment/agency with MillerCoors.

30. Navajo Express, Inc. dispatched Plaintiff with a truck to pick up and haul the trailer load of beer from the Shenandoah Brewery.

31. Upon information and belief, the employees and/or agents of MillerCoors did not install the proper tiedowns, dunnage bags, or other proper and necessary means of securement to prevent shifting of the load of beer (the cargo).

32. Upon information and belief, the cargo securing devices the employees and/or agents of MillerCoors did employ were inadequate for securing the load of beer inside the trailer.

33. According to 49 C.F.R. § 393.100(c), "[c]argo must be contained, immobilized or secured in accordance with this subpart to prevent shifting upon or within the vehicle to such an extent that the vehicle's stability or maneuverability is adversely affected."

34. Upon information and belief, the employees and/or agents of MillerCoors at the Shenandoah Brewery did not properly contain, immobilize or secure the load of beer to prevent shifting.

35. Upon information and belief, the employees and/or agents of MillerCoors did not properly contain, immobilize or secure the load of beer in conformance with 49 C.F.R. § 393.100(c).

36. Upon Plaintiff's arrival at the Shenandoah Brewery to pick up the preloaded trailer, the trailer was locked and/or sealed such that the Plaintiff could not go inside to inspect the contents.

37. Upon Plaintiff's arrival at the Shenandoah Brewery to pick up the preloaded trailer, Plaintiff could not inspect the load of beer to make sure it was properly secured.

38. As required and expected by MillerCoors, Plaintiff attached his truck to the preloaded trailer and began the drive to Glenwillow, Ohio.

39. As a direct and proximate result of the failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer, on May 6, 2014—while the Plaintiff was driving the tractor trailer on U.S. Highway 33 down a mountain outside of Franklin, West Virginia— the load of beer inside the trailer severely shifted, causing the entire tractor trailer to roll over onto its side and spill its contents.

40. On May 6, 2014, the Plaintiff suffered terrible injuries as a result of the tractor trailer rolling over onto its side.

41. Upon information and belief, the cause of the crash was the negligence of the employees and/or agents of MillerCoors who failed to secure the load, thereby allowing it to shift and cause the tractor trailer to roll over.

42. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was careless, negligent, and/or reckless conduct.

43. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was a direct and proximate cause of the load shifting and the rollover.

44. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was a direct and proximate cause of Plaintiffs' injuries, damages, and losses.

45. The careless, negligent, and/or reckless conduct of MillerCoors employees and/or agents at the Shenandoah Brewery was a direct and proximate cause of the rollover as well as Plaintiffs' injuries, damages, and losses.

46. Plaintiff Joseph Bennefield was not comparatively negligent in failing to properly secure the load, in not inspecting the load, in causing the load to shift, in causing the rollover, or in causing his injuries, damages, and losses.

47. As a direct and proximate result of the failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer and the ensuing rollover, Plaintiffs have suffered in the past and will suffer in the future economic and noneconomic injuries, damages, and losses including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law.

48. As a direct and proximate result of the failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer and the ensuing rollover, Plaintiffs have incurred economic damages including, but not limited to, past and future medical expenses, loss of earnings, and impairment of earning capacity.

49. As a direct and proximate result of the failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer and the ensuing rollover, Plaintiffs have suffered in the past and will suffer in the future noneconomic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, diminished quality of life, and loss of enjoyment of life.

50. As a direct and proximate result of the failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer and the ensuing rollover, Plaintiffs have suffered in the past and will suffer in the future permanent physical impairments and limitations.

51. As a direct and proximate result of the failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer and the ensuing rollover, Plaintiffs have suffered in the past and will suffer in the future permanent scarring and disfigurement.

52. Plaintiffs Joseph Bennefield and Konnie Bennefield are entitled to interest on their claims at the legal rate pursuant to West Virginia Code § 56-6-31.

### FIRST CLAIM FOR RELIEF
### Negligence of Defendant MillerCoors

53. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 52 of this Complaint as if set forth *verbatim*.

54. Upon information and belief, the employees and/or agents of MillerCoors at the Shenandoah Brewery loaded the trailer with beer on May 2, 2014 for Plaintiff Joseph Bennefield to pick up four days later.

55. Upon information and belief, the employees and/or agents of MillerCoors did not install the proper tiedowns, dunnage bags, or other proper and necessary means of securement to prevent shifting of the cargo.

56. Upon information and belief, the cargo securing devices the employees and/or agents of MillerCoors did employ were inadequate for securing the load of beer.

57. According to 49 C.F.R. § 393.100(c), "[c]argo must be contained, immobilized or secured in accordance with this subpart to prevent shifting upon or within the vehicle to such an extent that the vehicle's stability or maneuverability is adversely affected."

58. Upon information and belief, the employees and/or agents of MillerCoors did not properly contain, immobilize or secure the load of beer to prevent shifting.

59. Upon information and belief, the employees and/or agents of MillerCoors did not properly contain, immobilize or secure the load of beer in conformance with 49 C.F.R. § 393.100(c).

60. Upon Plaintiff, Joseph Bennefield's arrival at the Shenandoah Brewery to pick up the preloaded trailer, the trailer was locked and/or sealed such that the Plaintiff could not go inside to inspect the contents.

61. Upon Plaintiff, Joseph Bennefield's arrival at the Shenandoah Brewery to pick up the preloaded trailer, Plaintiff could not inspect the load of beer to make sure it was properly secured.

62. As required and expected by MillerCoors, Plaintiff attached his truck to the preloaded trailer and began the drive to Glenwillow, Ohio.

63. As a direct and proximate result of the failure of MillerCoors to properly secure the load of beer, on May 6, 2014 – while the Plaintiff, Joseph Bennefield, was driving the tractor trailer on U.S. Highway 33 down a mountain outside of Franklin, West Virginia – the load of beer inside the trailer severely shifted, causing the entire tractor trailer to roll over onto its side and spill its contents.

64. On May 6, 2014, the Plaintiff, Joseph Bennefield, suffered terrible injuries as a result of the tractor trailer rolling over onto its side.

65. Upon information and belief, the cause of the crash was the negligence of the employees and/or agents of MillerCoors who failed to properly secure the load, thereby allowing it to shift and cause the tractor trailer to roll over.

66. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was careless, negligent, and/or reckless conduct.

67. MillerCoors and its employees and/or agents owed a duty to the Plaintiff to use reasonable care when they loaded the beer onto the trailer for Plaintiff to haul to Glenwillow, Ohio.

68. By taking responsibility for loading the trailer and sealing it so that the load was hidden from view, MillerCoors assumed the risk of responsibility of loading and securing the property in the trailer of the common carrier, Navajo Express, Inc., to be driven by Plaintiff.

69. A reasonable company and its employees would have properly secured the load of beer in the trailer so as not to shift during travel.

70. Federal Cargo Securement Rules—49 C.F.R. §§ 393.100 - 393.112—dictated the proper method for securing cargo, which a reasonable company and its employees would have followed.

71. MillerCoors and its employees and/or agents had a duty to conform with Federal Regulations and Cargo Securement Rules in properly securing the load of beer and preparing the trailer for travel.

72. Because Plaintiff, Joseph Bennefield, was unable to control conditions inside the trailer, MillerCoors and its employees and/or agents were the only entities/individuals who could perform the aforementioned duties.

73. MillerCoors and its employees and/or agents breached their duty to use reasonable care in preparing the trailer for travel by failing to install the proper tiedowns, dunnage bags, or other proper and necessary means of securement to prevent shifting of the cargo.

74. MillerCoors and its employees and/or agents breached their duty to conform with Federal Regulations in preparing the trailer for travel by failing to install the proper tiedowns, dunnage bags, or other proper and necessary means of securement to prevent shifting of the cargo.

75. MillerCoors and its employees and/or agents had assumed the risk for the proper loading of the trailer and no evidence of improper loading was manifest to ordinary observation. As such, Plaintiff, Joseph Bennefield, was not responsible for defects in loading or the proper securement of the load of beer.

76. MillerCoors and its employees and/or agents carelessly, negligently, and/or recklessly failed to properly secure the load of beer inside the trailer, despite the fact that they knew

or should have known the proper method of securing the cargo and the risk of danger, including rollover, in failing to do so.

77. The risk of the load of beer shifting was foreseeable to MillerCoors and its employees and/or agents, as was the risk of rollover. Any shift in the cargo affecting the stability of the tractor trailer was very likely to cause rollover.

78. Likewise, if the load of beer shifted and the tractor trailer rolled over, the risk of injuries, damages, and losses to Plaintiff was also foreseeable to MillerCoors and its employees and/or agents.

79. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was a direct and proximate cause of the load shifting.

80. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was a direct and proximate cause of the resulting rollover.

81. The failure of MillerCoors employees and/or agents at the Shenandoah Brewery to properly secure the load of beer was a direct and proximate cause of Plaintiff's injuries, damages, and losses.

82. MillerCoors and its employees' and/or agents' careless, negligent, and/or reckless failure to properly secure the cargo directly and proximately caused the shift in the cargo that caused the rollover accident and Plaintiff's resulting injuries, damages, and losses.

83. Plaintiff handled the shipment with the care appropriate to a properly loaded trailer. Therefore, Plaintiff did not contribute negligence. Likewise, Plaintiff was not comparatively negligent in the loading of the trailer, the securement of the cargo, in not

inspecting the securement of the cargo, in causing the rollover accident, or in causing his injuries, damages, and losses.

84. As a direct and proximate result of the breach of the aforementioned duties on the part of MillerCoors and its employees and/or agents, Plaintiffs have suffered economic and noneconomic damages including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law.

85. As a direct and proximate result of the breach of the aforementioned duties on the part of MillerCoors and its employees and/or agents, Plaintiffs have suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of earnings, and impairment of earning capacity.

86. As a direct and proximate result of the breach of the aforementioned duties on the part of MillerCoors and its employees and/or agents, Plaintiffs have suffered past and future non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, diminished quality of life, and loss of enjoyment of life.

87. As a direct and proximate result of the breach of the aforementioned duties on the part of MillerCoors and its employees and/or agents, Plaintiff has suffered permanent physical impairment and limitations.

88. As a direct and proximate result of the breach of the aforementioned duties on the part of MillerCoors and its employees and/or agents, Plaintiff has suffered permanent scarring and disfigurement.

## SECOND CLAIM FOR RELIEF
### Vicarious Liability of MillerCoors for the Acts of its Employees And/Or Agents Under the Doctrine of *Respondeat Superior*

89. Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 88 of this Complaint, as if set forth *verbatim*.

90. Upon information and belief, at all times relevant hereto, the individuals who loaded the trailer, failed to secure the cargo, and sealed the trailer were the employees and/or agents of MillerCoors.

91. Upon information and belief, at all times relevant hereto, the individuals who loaded the trailer, failed to secure the cargo, and sealed the trailer were acting within the course and scope of their employment and/or agency, and with the authority of MillerCoors.

92. Said employees and/or agents of MillerCoors owed Plaintiff a duty to use reasonable care in loading and securing the trailer in the control of MillerCoors.

93. By taking responsibility for loading the trailer and sealing it off so that it was hidden from view, said employees and/or agents of MillerCoors assumed the risk of responsibility of loading and securing the property in the trailer of the common carrier, Navajo Express, Inc., to be driven by Plaintiff.

94. Said employees and/or agents of MillerCoors negligently, carelessly, and recklessly failed to secure the load of beer inside the trailer, to use dunnage bags, proper tiedowns, or their functional equivalents to prevent shifting, and to exercise proper care in loading to prevent the foreseeable danger to the Plaintiff and others.

95. Said employees and/or agents of MillerCoors were negligent, careless, and reckless in the performance of their duties in loading the trailer as employees and/or agents for

MillerCoors and in causing the aforementioned rolling over of the tractor trailer and the injuries, damages, and losses to Plaintiff.

96. The above-listed breaches of duty were a direct and proximate cause of the injuries, damages, and losses sustained by Plaintiffs including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law.

97. Plaintiff handled the shipment with the care appropriate to a properly loaded trailer. Therefore, Plaintiff did not contribute negligence. Likewise, Plaintiff, Joseph Bennefield, was not comparatively negligent in the loading of the trailer, the securement of the cargo, in not inspecting the securement of the cargo, in causing the rollover accident, or in causing his injuries, damages, and losses.

98. Said employees and/or agents of MillerCoors had assumed the risk and no evidence of improper loading was manifest to ordinary observation. Therefore, Plaintiff, Joseph Bennefield, was not responsible for defects in loading or in the proper securement of the cargo.

99. The negligent, careless, and reckless conduct of the employees and/or agents of MillerCoors was a direct and proximate cause of the shift of the cargo, the tractor trailer rolling over, and Plaintiffs suffering economic and non-economic injuries, damages, and losses including liquidated, special, and unliquidated damages and losses as those measures of damages are defined by West Virginia law as described above.

100. The acts and/or omissions of the employees and/or agents of MillerCoors at the time of the incident are by law deemed the acts and/or omissions of MillerCoors.

### THIRD CLAIM FOR RELIEF
**Loss of Consortium Against Defendant MillerCoors**

101. Plaintiffs incorporate herein by this reference the allegations contained in paragraphs

1 through 100 of this Complaint, as if set forth *verbatim*.

102. At all times relevant, the Plaintiff, Konnie Bennefield was married to Plaintiff, Joseph Bennefield.

103. As a further and proximate cause of the Defendant's negligent, reckless, intentional, and wrongful actions, the Plaintiff, Konnie Bennefield, has suffered a loss of consortium.

WHEREFORE, for the reasons set forth above, the Plaintiffs Joseph Bennefield and Konnie Bennefield, husband and wife, hereby demand judgment against the Defendant MillerCoors, as follows and as pled within the above Complaint:

    a. Past and future medical expenses;

    b. Loss of earning capacity;

    c. Permanent injuries;

    d. Physical impairment;

    e. Compensatory damages in an amount to be determined by a jury;

    f. Pain, suffering, inconvenience, annoyance, loss of enjoyment of life and other general damages as permitted by law, all of which should continue into the future, in an amount to be determined by a jury;

    g. Pre-judgment interest;

    h. Post-judgment interest (if applicable);

    i. Attorney's fees and costs incurred in the prosecution of this action;

    j. Punitive Damages; and,

    k. All other and further relief deemed just and proper under the law.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: October 30, 2015

JOSEPH BENNEFIELD and KONNIE BENNEFIELD, husband and wife,

By Counsel

/s/ Troy N. Giatras
Troy N. Giatras, Esquire
*The Giatras Law Firm, PLLC*
118 Capitol Street, Suite 400
Charleston, WV 25301
(304) 343-2900
troy@thewvlawfirm.com
WV State Bar ID No. 5602